JAMES E. GRAVES, JR., Circuit Judge,
dissenting.
The majority opinion concludes that, “because Tindle made the initial stop on suspicion of both a traffic violation and *250 drug activity, the dog sniff was reasonably related to a cause of the stop.” I disagree, and therefore respectfully dissent.
. I.
“We analyze the legality of traffic stops for Fourth Amendment purposes under the standard articulated by the Supreme Court in Terry v. Ohio.” United States v. Pack, 612 F.3d 341, 349-50 (5th Cir. 2010). This analysis involves a two-part inquiry where we first determine if the stop of the vehicle was warranted and then decide whether the officer’s actions following the stop were “reasonably related in scope to the circumstances that caused him to stop the vehicle in the first place.” Id. at 350. During the stop, if the officer acquires reasonable suspicion that criminal activity is afoot, that officer may prolong the stop to dispel such suspicion. Id.
Johnson does not challenge the legality of the initial stop. Rather, Johnson contends that the officers did not have reasonable suspicion to extend the traffic stop beyond the time necessary to perform computer checks of the driver’s and passengers’ backgrounds. See Rodriguez v. United States, — U.S. —, 135 S.Ct. 1609, 1615-16, 191 L.Ed.2d 492 (2015). The majority apparently concluded that there was reasonable suspicion to prolong the stop because of facts that formed the basis of a search warrant for evidence of drug activity at Johnson’s home. I disagree.
When evaluating whether there was reasonable suspicion to extend a vehicle stop we consider the “totality of the circumstances” to determine whether there was “a particularized and objective basis” for the officer’s suspicion. United States v. Arvizu, 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002). While a causal nexus between the officer’s suspicion and the initial reason for the' stop is not required, we do “inquire whether the officer’s ... actions were reasonably related in scope to the circumstances that justified the stop,” United States v. Brigham, 382 F.3d 500, 506 (5th Cir. 2004) (en banc).
In this case, the officer testified that the basis of the stop was two traffic violations obsérved by a different officer. During that time, the officer performed a computer check and uncovered no warrants or issues meriting prolonging the stop. At that point, the stop should have concluded and the occupants of the car should have been free to leave. The majority opinion nevertheless concludes that there was reasonable suspicion to prolong the stop because the officer who requested the traffic stop was aware of facts contained in an affidavit seeking a search warrant authorizing a search of Johnson’s home. But, the sole basis for the stop was minor traffic violations. , No reasonable suspicion of criminal activity was developed during the stop.[1] Therefore, I would conclude that the officers exceeded their authority by ordering a dog sniff following a traffic stop without suspicion, acquired during the stop, that the driver or passengers were engaged in criminal activity.
I respectfully dissent.

. The government contends that there was reasonable suspicion to prolong the stop because the driver of the car was agitated and had to be handcuffed. But, the officer who pulled over the vehicle testified at the sup-' pression hearing that he did not remember who handcuffed the driver, and did not remember whether the driver was arrested before or after the search of the vehicle.